# Exhibit A

 **CT Corporation**

**Service of Process Transmittal**
03/24/2022
CT Log Number 541285180

| | |
|---|---|
| **TO:** | KIM LUNDY- EMAIL<br>Walmart Inc.<br>GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200<br>BENTONVILLE, AR 72712-3148 |
| **RE:** | **Process Served in Nevada** |
| **FOR:** | Wal-Mart Real Estate Business Trust  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MCCARY TAMIKA, individually // To: Wal-Mart Real Estate Business Trust |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint |
| **COURT/AGENCY:** | Clark County District Court, NV<br>Case # A22849980C |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 04/22/2020, Walmart Supercenter #2050 located at 300 East Lake Mead Parkway, Henderson, NV, 89015 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/24/2022 at 13:48 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Austin R. Wood<br>Naqvi Injury Law<br>9500 West Flamingo Road, Suite 104<br>Las Vegas, NV 89147<br>702-553-1000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/24/2022, Expected Purge Date: 03/29/2022<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>701 S. Carson Street<br>Suite 200<br>Carson City, NV 89701<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Electronically Issued
3/21/2022 9:36 AM

**SUMM**
FARHAN R. NAQVI
Nevada Bar No. 8589
PAUL G. ALBRIGHT
Nevada Bar No. 14159
AUSTIN R. WOOD
Nevada Bar No. 16026
NAQVI INJURY LAW
9500 West Flamingo Road, Suite 104
Las Vegas, Nevada 89147
Telephone: (702) 553-1000
Facsimile: (702) 553-1002
naqvi@naqvilaw.com
paul@naqvilaw.com
awood@naqvilaw.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| TAMIKA MCCARY, individually,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC.; WALMART INC. d/b/a WALMART #2050; WAL-MART REAL ESTATE BUSINESS TRUST; DOES 1 through 100 and ROE CORPORATIONS 1 through 100, inclusive,<br><br>Defendants. | Case No.:  A-22-849980-C<br>Dept. No.:<br><br>**SUMMONS** |

## WAL-MART REAL ESTATE BUSINESS TRUST

**NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):**  A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you, exclusive of the day of service, you must do the following:

   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

   (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4.   The State of Nevada, its political subdivisions, agencies, officers, employees, board

members, commission members and legislators each have 45 days after service of this

Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON

LYNN MARIE GOYA
CLERK OF THE COURT

By: _____   3/23/2022
Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

Submitted by:

/s/ Austin R. Wood
FARHAN R. NAQVI
Nevada Bar No. 8589
PAUL G. ALBRIGHT
Nevada Bar No. 14159
AUSTIN R. WOOD
Nevada Bar No. 16026
NAQVI INJURY LAW
9500 West Flamingo Rd., Suite 104
Las Vegas, NV 89147
Attorneys for Plaintiff

## DISTRICT COURT CIVIL COVER SHEET

.................................................County, Nevada

Case No. ...........................................
*(Assigned by Clerk's Office)*

**CASE NO: A-22-849980-C**
**Department 3**

### I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Tamika McCary | Wal-Mart Stores, Inc., et. al. |
| 6846 Crimson Shadow Street | |
| North Las Vegas, Nevada 89086 | |
| (310) 497-1593 | |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| FARHAN R. NAQVI | |
| 9500 W FLAMINGO ROAD, SUITE 104 | |
| LAS VEGAS, NV 89147 | |
| (702) 553-1000 | |

### II. Nature of Controversy *(please select the one most applicable filing type below)*

**Civil Case Filing Types**

| Real Property | | Torts | |
|---|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** | |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability | |
| ☐ Other Landlord/Tenant | ☑ Premises Liability | ☐ Intentional Misconduct | |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort | |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort | |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort | |
| **Other Real Property** | ☐ Legal | | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | | |
| ☐ Other Real Property | ☐ Other Malpractice | | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing | |
|---|---|---|---|
| **Civil Writ** | | **Other Civil Filing** | |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim | |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment | |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters | |

*Business Court filings should be filed using the Business Court civil coversheet.*

| 03/21/2022 | /s/ Austin R. Wood |
|---|---|
| Date | Signature of initiating party or representative |

*See other side for family-related case filings.*

Nevada AOC - Research Statistics Unit
Pursuant to NRS 3.275

Form PA 201
Rev 3.1

Electronically Filed
3/21/2022 9:36 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Farhan R. Naqvi
Nevada Bar No. 8589
Paul G. Albright
Nevada Bar No. 14159
Austin R. Wood
Nevada Bar No. 16026
NAQVI INJURY LAW
9500 West Flamingo Road, Suite 104
Las Vegas, Nevada 89147
Telephone: (702) 553-1000
Facsimile:  (702) 553-1002
naqvi@naqvilaw.com
paul@naqvilaw.com
awood@naqvilaw.com
*Attorneys for Plaintiff*

CASE NO: A-22-849980-C
Department 3

## DISTRICT COURT

## CLARK COUNTY, NEVADA

TAMIKA MCCARY, individually,

        Plaintiff,

vs.

WAL-MART STORES, INC.; WALMART
INC. d/b/a WALMART #2050; WAL-MART
REAL ESTATE BUSINESS TRUST; DOES
1 through 100 and ROE CORPORATIONS 1
through 100, inclusive,

        Defendants.

Case No.:
Dept. No.:

## COMPLAINT

    Plaintiff TAMIKA MCCARY, by and through her attorneys of record, FARHAN R.

NAQVI, PAUL G. ALBRIGHT, and AUSTIN R. WOOD of NAQVI INJURY LAW, alleges

against Defendants WAL-MART STORES, INC., WALMART INC. d/b/a WALMART #2050,

WAL-MART REAL ESTATE BUSINESS TRUST, DOES 1 through 100 and ROE

CORPORATIONS 1 through 100 (hereinafter collectively referred to as "Defendants") as

follows:

## PARTIES AND JURISDICTION

1. Plaintiff TAMIKA MCCARY (hereinafter "Plaintiff") is and, at all times relevant herein, was a resident of Clark County, Nevada.

2. Defendant WAL-MART STORES, INC., upon information and belief, is and, at all times relevant herein, was a foreign corporation licensed and conducting business in Clark County, Nevada.

3. Defendant WALMART INC. d/b/a WALMART #2050, upon information and belief, is and, at all times relevant herein, was a foreign corporation licensed and conducting business in Clark County, Nevada.

4. Defendant WAL-MART REAL ESTATE BUSINESS TRUST, upon information and belief, is and, at all times relevant herein, was a foreign business trust licensed and conducting business in Clark County, Nevada.

5. That the true names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants DOES 1 through 100 and ROE CORPORATIONS 1 through 100, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as DOES 1 through 100 and ROE CORPORATIONS 1 through 100 is responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as herein alleged. The legal responsibility of said Defendant DOES 1 through 100 and ROE CORPORATIONS 1 through 100 arises out of, but is not limited to, their status as owners, maintainers, managers, operators, inspectors, controllers, entrustors, constructors, cleanors and/or installers of the subject premises and/or the area where the alleged incident occurred as described more fully below,

including, but not limited to, cleaning and/or maintenance companies and their employees and/or agents, and/or their status as creators, owners, maintainers, managers, operators, inspectors, controllers, entrustors, constructors, cleanors and/or installers of the subject dangerous condition described below and/or objects concerning the subject dangerous condition, and/or their agency, master/servant or joint venture relationship with the otherwise responsible parties, including any other entities who are also responsible for the events and claims asserted herein, such as parent and subsidiary companies affiliated with the named or otherwise responsible entities.  Moreover, upon information and belief, Defendant DOES 1 through 100 and ROE CORPORATIONS 1 through 100 were involved in the initiation, approval, support or execution of the wrongful/negligent acts upon which this litigation is premised, or of similar actions against Plaintiff of which Plaintiff is presently unaware.  Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said defendants and, when the same have been ascertained, to join such defendants in this action together with the proper charging allegations.

6.    That at all times pertinent, Defendants were agents, servants, employees, or joint venturers of every other defendant herein and, at all times mentioned herein, were acting within the scope and course of said agency, employment, or joint venture with knowledge, permission and consent of all other named Defendants.

7.    At all times relevant herein, Defendants' employees and/or authorized agents contributed to and/or caused the circumstances resulting in the subject incident described below, and said Defendants, employees and/or agents were acting within the course and scope of such employment and/or agency at the time, thereby rendering Defendants liable for the

negligent acts of said Defendants, employees and/or agents under the doctrine of vicarious liability/respondeat superior. The true names and capacities of these employees and agents are presently unknown to Plaintiff at this time, who therefore identifies said individuals by the collective fictitious name of "DOE EMPLOYEES." When the true names and capacities of these individuals are ascertained, Plaintiff will seek to amend this Complaint as necessary.

8.    That the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada on the premises of Walmart Supercenter #2050 located at 300 East Lake Mead Parkway, Henderson, Nevada 89015 (hereinafter the "Premises"), which, upon information and belief, at all times mentioned herein, was owned, maintained, managed, operated, and/or controlled by Defendants and/or that Defendants were otherwise responsible for the area on the Premises where the subject incident occurred and/or that Defendants were otherwise responsible for the subject dangerous condition that is described more fully below and/or that Defendants are otherwise responsible for the subject incident and/or Plaintiff's resulting damages.

9.    That this is a civil action arising from an incident that occurred within Clark County, Nevada, involving a resident Plaintiff and an amount in controversy in excess of the sum of $15,000.00, exclusive of costs and interest, thereby giving this Court jurisdiction over this matter.

## GENERAL FACTUAL ALLEGATIONS

10.   That on April 22, 2020, Plaintiff was visiting the Premises when she slipped on a clear liquid substance located on the floor which, upon information and belief, was insufficiently slip resistant (hereinafter referred to as the "Dangerous Condition"), causing her to fall to

the ground. The Dangerous Condition was at all times concealed to Plaintiff as there was no sign or other warning of this Dangerous Condition and it was not detectable to her.   As a result of the fall, Plaintiff sustained numerous traumatic injuries.

11.   That, upon information and belief, at all times mentioned herein, Defendants owned, maintained, managed, operated, controlled, created and/or were otherwise responsible for the subject Premises and/or the area where the Dangerous Condition was located, and/or were otherwise responsible for the Dangerous Condition, and/or were otherwise responsible for the subject incident and/or Plaintiff's resulting damages.

12.   That Defendants knew, reasonably should have known and/or caused the Dangerous Condition to exist.

13.   That Defendants failed to warn, caution, place signs, or otherwise make safe the Dangerous Condition existing on or about the Premises.

14.   That Defendants had a non-delegable duty to Plaintiff to keep the Premises safe and, despite this, Defendants negligently, carelessly and/or recklessly created and/or allowed the Dangerous Condition to exist.

15.   That as a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries to, including, but not limited to, her head/brain, back, neck, knees, legs, shoulder, arms, bodily limbs, organs and systems, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damages in a sum in excess of $15,000.00.

16.   That as a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatment for the aforementioned injuries and that said services, care and treatment are continuing and shall continue into the future all to Plaintiff's damages in a sum in excess of $15,000.00.

17. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited occupational and recreational activities, which has caused and shall continue to cause loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

18. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FIRST CAUSE OF ACTION
### (*Negligence and Respondeat Superior*)

19. Plaintiff incorporates paragraphs 1 through 18 of the Complaint as though said paragraphs were fully set forth herein.

20. That Defendants, as the owners, maintainers, managers, operators, constructors, installers, inspectors, creators, controllers and/or otherwise responsible parties of the Premises, owed Plaintiff a duty of care to provide a safe environment for Plaintiff, free from dangerous conditions.

21. That Defendants owed Plaintiff a duty of care to adequately maintain and inspect the Premises to ensure that the Premises was free from dangerous conditions.

22. That Defendants owed Plaintiff a duty of care to warn Plaintiff of any non-obvious and dangerous conditions on the Premises.

23. That Defendants knew or reasonably should have known that the subject Dangerous Condition existed on the Premises.

24. That Defendants, at all times relevant herein, breached the aforementioned duties of care by, among other things:

///

a. Failing to provide Plaintiff with a safe environment, free from hazards that were or should have been recognized by Defendants;

b. Failing to properly inspect the Dangerous Condition, which ultimately caused Plaintiff's injuries and damages;

c. Creating, permitting and allowing the Dangerous Condition to remain for an unreasonable period of time despite actual and/or constructive notice;

d. Failing to properly warn of the non-obvious Dangerous Condition;

e. Failing to have adequate policies and procedures to prevent, detect and make safe dangerous conditions on the Premises; and

f. Otherwise acting in a negligent and careless manner by failing to exercise the degree of care required under the circumstances.

25. Upon information and belief, at all times relevant herein, Defendants' employees and/or authorized agents, DOE EMPLOYEES, contributed to and/or caused the circumstances resulting in the subject incident described above, and said employees and/or agents were acting within the course and scope of such employment and/or agency at the time.

26. Upon information and belief, Defendants are liable for the subject negligent acts of their employees and/or agents, DOE EMPLOYEES, under the doctrine of vicarious liability/respondeat superior.

27. That as a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to her body, limbs, organs and/or systems, all or some of which conditions may be permanent and disabling and all to Plaintiff's damage in a sum in excess of $15,000.00. That said services, care and treatment are continuing and shall continue into the future.

28. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited occupational and recreational activities, which has caused and shall continue to cause loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

29. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## SECOND CAUSE OF ACTION
### (Negligent Hiring)

30. Plaintiff incorporates paragraphs 1 through 29 of the Complaint as though said paragraphs were fully set forth herein.

31. Defendants owed Plaintiff several duties including, but not limited to, the following:

   a. The duty to keep Plaintiff safe from the negligent acts of their employees;

   b. The duty to provide and hire responsible employees, including implementing adequate policies and procedures therefor; and

   c. The duty to conduct reasonable investigations into the backgrounds of their employees.

1. Upon information and belief, Defendants breached these duties by, among other things:

   a. Hiring individuals, including DOE EMPLOYEES, who were not qualified and/or competent for their positions;

   b. Failing to conduct a reasonable and thorough investigation into the personal background and employment history of their employees, including DOE EMPLOYEES;

///

c. Failing to implement adequate policies and/or procedures for hiring employees, including DOE EMPLOYEES; and/or

d. Failing to adequately train their employees, including DOE EMPLOYEES.

32. That as a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

33. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### THIRD CAUSE OF ACTION
#### (Negligent Training and Supervision)

34. Plaintiff incorporates paragraphs 1 through 33 of the Complaint as though said paragraphs were fully set forth herein.

35. Defendants owed Plaintiff the duty to exercise reasonable care in the training and supervision of any and all employees. This duty required Defendants to train and supervise employees, including DOE EMPLOYEES, to ensure that these employees acted without negligence.

36. Defendants breached this duty when they failed to properly train and supervise employees, including DOE EMPLOYEES, whose negligence caused injury to Plaintiff as alleged herein. If Defendants had properly trained and supervised their employees, including DOE EMPLOYEES, this negligence would not have occurred.

37. That as a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

///

///

38. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FOURTH CAUSE OF ACTION
### (*Negligent Retention*)

39. Plaintiff incorporates paragraphs 1 through 38 of the Complaint as though said paragraphs were fully set forth herein.

40. Defendants owed Plaintiff the duty to exercise reasonable care in the retention of employees/agents.

41. Upon information and belief, Defendants breached this duty when they negligently retained employees, including DOE EMPLOYEES, even though they knew, or should have known, that these employees lacked the qualifications and/or competence for their position

42. That as a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $15,000.00.

43. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TAMIKA MCCARY, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays for judgment against all Defendants, and each of them, as follows:

1. For general damages sustained by Plaintiff in an amount in excess of $15,000.00;

2. For special damages sustained by Plaintiff in an amount in excess of $15,000.00;

Page **10** of **11**

3.  For reasonable attorney's fees and costs;

4.  For interest at the statutory rate; and

5.  For such other relief as the Court deems just and proper.

DATED this 21st day of March, 2022.

NAQVI INJURY LAW

By:   /s/ Austin R. Wood
       FARHAN R. NAQVI
       Nevada Bar No. 8589
       PAUL G. ALBRIGHT
       Nevada Bar No. 14159
       AUSTIN R. WOOD
       Nevada Bar No. 16026
       9500 West Flamingo Road, Suite 104
       Las Vegas, Nevada 89147
       *Attorneys for Plaintiff*

Electronically Filed
3/21/2022 9:36 AM
Steven D. Grierson
CLERK OF THE COURT

1   IAFD
FARHAN R. NAQVI
2   Nevada Bar No. 8589
PAUL G. ALBRIGHT
3   Nevada Bar No. 14159
AUSTIN R. WOOD
4   Nevada Bar No. 16026
5   NAQVI INJURY LAW
9500 West Flamingo Road, Suite 104
6   Las Vegas, Nevada 89147
7   Telephone: (702) 553-1000
Facsimile:  (702) 553-1002
8   naqvi@naqvilaw.com
paul@naqvilaw.com
9   awood@naqvilaw.com
10   *Attorneys for Plaintiff*

CASE NO: A-22-849980-C
Department 3

11                    **DISTRICT COURT**

12              **CLARK COUNTY, NEVADA**

13   TAMIKA MCCARY, individually,         Case No.:
                                          Dept. No.:
14              Plaintiff,

15   vs.                                  **INITIAL APPEARANCE FEE
                                          DISCLOSURE STATEMENT**
16
17   WAL-MART STORES, INC.; WALMART
     INC. d/b/a WALMART #2050; WAL-MART
18   REAL ESTATE BUSINESS TRUST; DOES
     1 through 100 and ROE CORPORATIONS 1
19   through 100, inclusive,

20              Defendants.

21

22          Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for

23   parties appearing in the above-entitled action as indicated below:

24   / / /

25   / / /

26   / / /

27

28

                          Page **1** of 2

TAMIKA MCCARY, Plaintiff                    $270.00

TOTAL:                                      $270.00

DATED this 21st day of March, 2022.

                                    NAQVI INJURY LAW

                            By:     /s/ Austin R. Wood
                                    FARHAN R. NAQVI
                                    Nevada Bar No. 8589
                                    PAUL G. ALBRIGHT
                                    Nevada Bar No. 14159
                                    AUSTIN R. WOOD
                                    Nevada Bar No. 16026
                                    9500 West Flamingo Road, Suite 104
                                    Las Vegas, Nevada 89147
                                    *Attorneys for Plaintiff*

Electronically Filed
3/21/2022 9:36 AM
Steven D. Grierson
CLERK OF THE COURT

**DMJT**
Farhan R. Naqvi
Nevada Bar No. 8589
Paul G. Albright
Nevada Bar No. 14159
Austin R. Wood
Nevada Bar No. 16026
NAQVI INJURY LAW
9500 West Flamingo Road, Suite 104
Las Vegas, Nevada 89147
Telephone: (702) 553-1000
Facsimile: (702) 553-1002
naqvi@naqvilaw.com
paul@naqvilaw.com
awood@naqvilaw.com
*Attorneys for Plaintiff*

CASE NO: A-22-849980-C
Department 3

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| TAMIKA MCCARY, individually, | Case No.: |
| Plaintiff, | Dept. No.: |
| vs. | **DEMAND FOR JURY TRIAL** |
| WAL-MART STORES, INC.; WALMART INC. d/b/a WALMART #2050; WAL-MART REAL ESTATE BUSINESS TRUST; DOES 1 through 100 and ROE CORPORATIONS 1 through 100, inclusive, | |
| Defendants. | |

/ / /

/ / /

/ / /

Page 1 of 2

1   COMES NOW, Plaintiff TAMIKA MCCARY, by and through her attorney of record,

2   FARHAN R. NAQVI, ESQ. of NAQVI INJURY LAW, and hereby demands a jury trial of all of

3   the issues in the above matter.

4   DATED this 21st day of March, 2022.

5                                                           NAQVI INJURY LAW

6                                          By:     /s/ Austin R. Wood
7                                                  FARHAN R. NAQVI
                                                   Nevada Bar No. 8589
8                                                  PAUL G. ALBRIGHT
                                                   Nevada Bar No. 14159
9                                                  AUSTIN R. WOOD
                                                   Nevada Bar No. 16026
10                                                 9500 West Flamingo Road, Suite 104
                                                   Las Vegas, Nevada 89147
11                                                 *Attorneys for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28